LLOYD V. COLLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
COLLEY v. COMMISSIONER
Docket No. 31263-81.
United States Tax Court
T.C. Memo 1983-51; 1983 Tax Ct. Memo LEXIS 729; 45 T.C.M. (CCH) 591; January 31, 1983. Jean S. Schanen, for the petitioner. Henry T. Schafer, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION
*730 KORNER, Judge: This matter is before the Court on cross-motions by the parties to dismiss for lack of jurisdiction. Petitioner's motion is based upon the alleged failure of respondent to send his statutory notice of deficiency with respect to the year 1977 to petitioner at his last known address, as required by section 6212(b)(1). [1] Respondent's cross-motion to dismiss is based upon the alleged failure of petitioner to file his petition in this Court within 90 days of the issuance of respondent's statutory notice of deficiency, as required by section 6213 or section 7502. Argument on both motions was held at a trial session of the Court at Seattle, Washington. The record consists of a stipulation of facts, with numerous joint exhibits submitted by the parties. Additionally, the parties stipulated that the testimony of respondent's witness Frank Blum, received at the hearing of Wallin v. Commissioner, Docket No. 25693-81, on October 4, 1982, could *731 also be received in evidence herein. The stipulation and attached exhibits are incorporated herein by this reference. FINDINGS OF FACT Petitioner's individual income tax return for the calendar year 1977 (the year here in issue) was received and filed at respondent's Service Center at Ogden, Utah, on July 18, 1978, showing petitioner's address to be 227 North 48 Wedgewood Manor, Fairbanks, Alaska 99701 (hereinafter the "Wedgewood address"). The return showed execution by petitioner on July 13, 1978. In October, 1978, one of respondent's revenue agents in the District Director's office for the Anchorage (Alaska) District began an examination of a joint return for the year 1976 which had been filed by petitioner and his then wife Dorothy Coolley (hereinafter "Dorothy"), which return showed an address of 209 Second Avenue, Fairbanks, Alaska 99701. The revenue agent sent a letter to the Coolleys at this address on October 20, 1978, to set up an interview and to request the production of certain books and records. This letter was received by Dorothy, who responded by telephoning the revenue agent on November 7 or November 8, 1978, stating that she could not keep the appointment *732 at the proposed time, stating that she would write the revenue agent further in connection with the audit, and notifying respondent's agent that her new address was: P.O. Box 60503, Fairbanks, Alaska 99706. Consistent with her statement to the agent, Dorothy wrote to respondent's agent under date of November 8, 1978, concerning the pending 1976 audit. In that letter, she indicated a willingness to cooperate in the investigation, but requested that the agent specify the areas of disagreement with the return as filed. Both the letter and its mailing envelope showed a return address of P.O. Box 60503, Fairbanks, Alaska 99706, without further elaboration. At some time subsequent to November 12, 1978, when respondent's agent received the above letter from Dorothy, but before the end of the year, the agent learned that petitioner and Dorothy were no longer married, as of December 31, 1977. (In fact, the Coolleys were divorced on October 31, 1977.) This fact was noted in the agent's chronological recording of taxpayer contacts in her work papers concerning the 1976 audit. In early January, 1979, respondent's same revenue agent was assigned petitioner's 1977 return for examination, *733 and sent a letter to him on January 5, 1979, to set up an examination appointment, and requesting the production of petitioner's books and records. In her chronological record of taxpayer contacts which were part of her 1977 audit work papers, the agent, apparently having in mind what she had recently learned about the changed marital status of the Colleys, wrote: Initial contact was with Dorothy Coolley, his wife in 1976. As this initial contact referred only to 7612 and Mr. Coolley reported as a single person in 7712, [2] a separate report is necessary. Then, apparently realizing that her letter of January 5, 1979, had been sent to petitioner at the address shown on the 1976 joint return filed by petitioner and Dorothy, respondent's agent sent a similar letter to petitioner at the address shown on petitioner's 1977 return, viz, the Wedgewood address. The second letter referred to a communication from Dorothy for 1976, but emphasized that a separate response was required from petitioner for 1977 because of his then single status. Neither *734 letter was returned by the post office. In her work papers concerning the audit of petitioner's 1977 return, the agent noted that petitioner had not come in for his examination and had not made his books and records available. The agent also searched microfilm records provided by respondent's Ogden Service Center to the District Director's office in Anchorage, showing returns filed from taxpayers in Alaska for 1978 and 1979, but found no record as to petitioner. She further requested a search of respondent's records at the Ogden Service Center with respect to returns filed there by petitioner from anywhere, again with no result.
Respondent sent his notice of proposed adjustments to petitioner's 1977 return to the address shown on that return on December 10, 1980. It was returned by the post office as "moved -- left no address." Respondent's statutory notice was sent to the same address on March 13, 1981. Prior to the issuance of the statutory notice herein, respondent's District Director's office in Anchorage, in an attempt to locate either petitioner or Dorothy for the purposes of collecting deficiencies and additions to tax for 1976, [3] sent two queries to the Fairbanks, *735 Alaska, Post Office. The first query, dated December 10, 1980, was with respect to petitioner, with an address of 227 North 48 Wedgewood Manor in Fairbanks, and the post office responded "moved - no forwarding address." The second query, dated January 20, 1981, with respect to "Lloyd and Dorothy Coolley", and showing "P.O. Box 60503, Fairbanks, AK 99706," as well as "Wedgewood 227 N. 48, FAI AK 99701" was returned by the post office marked "good as addressed." [4] On February 23, 1981, the agent also sent another letter to petitioner at the Wedgewood address concerning petitioner's joint liability for the year 1976. This letter was returned by the post office marked "moved - left no address." *736 At no time subsequent to the filing of his 1977 return and prior to the issuance of the statutory notice for said year did petitioner or any authorized representative notify respondent of any change of petitioner's address. Petitioner filed his petition herein on December 28, 1981, stating that he had "legal residence now at Box 60503, Fairbanks, Alaska." [5]
OPINION The parties each have moved the Court to dismiss this case for lack of jurisdiction, but on different grounds. *737 Respondent moves to dismiss for petitioner's failure to file a petition with this Court within the 90-day period mandated by section 6213(a). Petitioner, on the other hand, moves to dismiss for the alleged failure of respondent to send his statutory notice of deficiency to him for the year 1977 at his "last known address," as required by section 6212(b)(1). Both requirements are jurisdictional in this Court, and we can and must resolve them. . We will consider petitioner's motion first. Section 6212(b)(1) provides that a notice of deficiency will be sufficient if it is mailed to the taxpayer's "last known address." Although that term is not otherwise defined in the Code, we stated, in : A taxpayer's "last known address" is that address to which, in light of all the facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. ; . Taxpayers are required to send a clear and concise *738 notification directing respondent to use a different address to be assured of effecting a change in the "last known address." , and cases collected therein. If the notice is properly mailed to the "last known address," respondent has done all the law requires; it is then irrelevant that petitioner did not receive the notice in time to file a petitioin in this Court within a 90-day (or 150-day) period prescribed by section 6213. Section 6212(b)(1); ; . We further said, in , affd. , that the "last known address" was * * * the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications * * *. The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most *739 current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address * * *. And while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address * * *, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address * * *. "The last known address thus becomes a matter of proof in each case in which the question arises." (C.A. 9). See also . Applying the above standards to the facts of the instant case, a resolution of the problem is not difficult. There is no suggestion in this record that petitioner himself ever gave any notification, oral or written, to respondent regarding a change of address from that which was shown on his 1977 tax return, and indeed petitioner does not so contend. Nor are we confronted with the problem whether the filing of a tax return for a later year *740 by petitioner, showing a different address, is sufficient to put respondent on notice of a change of address, cf. ; ; , (9th Cir. 1982), since there is no indication in this record that petitioner filed any income tax returns for any taxable year after 1977. Instead, petitioner's entire case turns upon his argument that a brief handwritten note from petitioner's ex-wife Dorothy, sent to respondent's revenue agent in connection with the audit of a prior year, and disclosing a return address of a post office box in Fairbanks, Alaska, but without making any mention of the new address in the body of the letter, was sufficient to constitute notification to respondent that petitioner himself had changed his address to said post office box. We reject this argument on two grounds: (a) Neither the letter itself, nor the notes of respondent's agent of a contemporaneous telephone conversation with Dorothy, reflect any representations by Dorothy that the new post office box should be considered not *741 only as Dorothy's new address but petitioner's also. Although the body of the letter itself uses the pronoun "we," this was clearly a reference to the joint return which Dorothy and the petitioner had failed for 1976, and which was the subject matter of the communications between Dorothy and the revenue agent. Given the fact of Dorothy's divorce from petitioner, it was certainly not to be assumed that the parties, although divorced, were continuing to live together. Under the circumstances, respondent's revenue agent was perfectly justified in treating Dorothy's communication as a change of address as to Dorothy only. (b) Even if Dorothy's communications to the revenue agent could be interpreted as a representation by Dorothy that petitioner had changed his address to the Fairbanks post office box shown in her letter, respondent's agent was correct in ignoring it. The agent's notes, and her letter to petitioner of January 8, 1979, which are part of the record herein, show that she was keenly aware that Dorothy was no longer married to petitioner and therefore had no apparent authority to speak for him. Respondent is not required to and should not recognize change of address *742 notices concerning a taxpayer which are received from someone other than the taxpayer himself or an authorized person. ; ; compare . Indeed, had the statutory notice in this case been sent to petitioner at the Fairbanks post office box address given by Dorothy, the validity of such notice might well have been attacked by petitioner as having been sent to an unauthorized address, cf. ; . We accordingly hold that the statutory notice of deficiency herein was sent to petitioner's last known address, as required by the statute, and was valid, even though it may not have been received. , affd. ; We therefore conclude that respondent's statutory notice was proper, and petitioner's motion to dismiss must be denied. We turn now to *743 respondent's motion to dismiss. Section 6213(a) requires, with one exception not relevant here, that the taxpayer file a petition for redetermination with this Court within 90 days after the mailing of the notice of deficiency. This requirement is jurisdictional. ; , affirming a Memorandum Opinion of this Court; . An untimely petition precludes this Court from exercising jurisdiction over the matter. . The statutory notice herein was issued to petitioner on March 13, 1981, but the petition herein was not received and filed by the Court until December 28, 1981. It was therefore clearly untimely under the specific provisions of section 6213(a). Respondent's motion to dismiss for lack of jurisdiction will therefore be granted. An appropriate order of dismissal for lack of jurisdiction will be entered.
Footnotes
1. All references to Code sections herein are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all references to Rules are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. In respondent's jargon, "7612" and "7712" refer, respectively, to calendar years ending December 31, 1976, and December 31, 1977.↩
3. Deficiencies and additions to tax against petitioner and Dorothy jointly had been assessed by respondent on October 3, 1980. Deficiencies and additions to tax against petitioner individually were not assessed until August 21, 1981, and were not turned over to a collection officer until October, 1981. ↩
4. It is not clear from the record whether the street address shown on this inquiry form was supplied by respondent or by the post office. In either event, the response of the post office was that the address was correct.↩
5. We make no finding herein with regard to petitioner's residence. The above-quoted statement in petitioner's petition herein is less than a complete compliance with Rule 34(b)(1), which requires the petition in this Court to show petitioner's "legal residence." Such phrase in our rule means the same thing as it does in section 7482, and for the same reason: both are important in determining the proper venue for appeals from decisions of this Court. In this context, legal residence means domicile. , revd. on other grounds . One does not have his legal residence or domicle in a post office box.↩